Estate of Albert E. Nettleton, The Syracuse Trust Company, Executor v. Commissioner.
Estate of Albert E. Nettleton v. Commissioner
Docket No. 4371.
United States Tax Court
1946 Tax Ct. Memo LEXIS 268; 5 T.C.M. (CCH) 127; T.C.M. (RIA) 46033; February 7, 1946
*268 HARRON Decision HARRON, Judge: Pursuant to the determination of the Court, as set forth in its Findings of Fact and Opinion, promulgated March 19, 1945, the parties have filed separate recomputations of the deficiency under Rule 50. Upon consideration of the respective recomputations, it is concluded that decision should be entered in accordance with the recomputation filed by the respondent and it is ORDERED and DECIDED: That there is a deficiency in estate tax in the amount of $113,229.83. Memorandum Sur Decision HARRON, Judge: In approving respondent's recomputation of the estate tax deficiency, the following has been taken into consideration with respect to the 1932 trust, the only one which gives rise to any differences between the respective recomputations of the parties: Under the 1932 trust, Alice N. Edwards was to receive the income of the undivided corpus of the trust until she reached forty-five years of age. If she attains forty-five years of age, then the trustees are to divide the corpus existing at that time and distribute one-half to her. But if she died before forty-five years of age, her estate was not to receive any one-half of corpus, under provisions *269 which provide for the continuance of the trust for the benefit of her children and grandchildren. Therefore her interest in one-half of the corpus of the trust clearly falls within the definition of a future interest. See , June 4, 1945. At the date of the decedent's death, the interest of Alice N. Edwards was still a future interest with respect to one-half of the corpus of the trust, and it cannot be included in computing the value of her lifeestate to be excluded from the decedent's gross estate. See also , (January 2, 1946). The respondent's recomputation excludes from the gross estate of the decedent the value of the right of Alice N. Edwards to receive income from the undivided corpus of the trust until she attains the age of forty-five years, plus the value of the right to receive income from one-half of the corpus for the duration of her life. Respondent's computation of the value of the life interest of Alice N. Edwards in the 1932 trust for the purpose of making an exclusion from the gross estate of the decedent is based upon the opinion of the Court *270 in this case, and gives effect to what was the intendment of the holding which has been made.